JOHN B. BULGOZDY (Cal. Bar No. 219897)
Email:  bulgozdyj@sec.gov
PETER F. DEL GRECO (Cal. Bar No. 164925)
Email:  delgrecop@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Lorraine Echavarria, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:14-cv-2334-CAS-MRW |
| Plaintiff, | [PROPOSED] PRELIMINARY INJUNCTION, APPOINTMENT OF A PERMANENT RECEIVER, AND RELATED ORDERS |
| vs. | |
| WORLD CAPITAL MARKET INC.; WCM777 INC.; WCM777 LTD. d/b/a WCM777 ENTERPRISES, INC.; and MING XU a/k/a PHIL MING XU, | |
| Defendants, | |
| and | |
| KINGDOM CAPITAL MARKET, LLC; MANNA HOLDING GROUP, LLC; MANNA SOURCE INTERNATIONAL, INC.;WCM RESOURCES, INC.; AEON OPERATING, INC.; AND PMX JEWELS, LTD., | |
| Relief Defendants. | |

1  This matter came before the Court upon the Order to Show Cause Re
2  Preliminary Injunction and Appointment of a Permanent Receiver.  On April 4, 2014,
3  Defendants World Capital Market Inc.; WCM777 Inc.; WCM777 Ltd. d/b/a
4  WCM777 Enterprises, Inc.; and Ming Xu, and Relief Defendant Manna Source
5  International, Inc., filed a statement of non-opposition.  None of the remaining relief
6  defendants filed any opposition to the requested relief.  On April 10, 2014, the Court
7  held a hearing on this matter.

8  The Court previously considered the SEC's Complaint, the TRO Application,
9  the supporting Memorandum of Points and Authorities, the supporting declarations
10  and exhibits, and other evidence presented to the Court.  The Court further finds that
11  there is no opposition to entry of a preliminary injunction and appointment of a
12  permanent receiver over Defendants World Capital Market Inc., WCM777 Inc., and
13  WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Relief Defendants Kingdom
14  Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.;
15  WCM Resources, Inc.; and their subsidiaries and affiliates.  The Court therefore
16  finds:

17  A.  This Court has jurisdiction over the parties to, and the subject matter of,
18  this action.

19  B.  The SEC has made a sufficient and proper showing in support of the
20  relief granted herein, as required by Section 20(b) of the Securities Act
21  of 1933 ("Securities Act") (15 U.S.C. § 77t(b)) and Section 21(d) of the
22  Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78u(b))
23  by evidence establishing a *prima facie* case and reasonable likelihood
24  that Defendants World Capital Market Inc.; WCM777 Inc.; WCM777
25  Ltd. d/b/a WCM777 Enterprises, Inc.; and Ming Xu a/k/a Phil Ming Xu
26  have engaged in, are engaging in, are about to engage in, and will
27  continue to engage in unless restrained transactions, acts, practices and
28  courses of business that constitute violations of Sections 5(a), 5(c) of the

1

Securities Act of 1933 (15 U.S.C. §§ 77e(a), 77e(c)); Section17(a) of the Securities Act (15 U.S.C. § 77q(a)); and Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b-5 thereunder (17 C.F.R. § 240.10b-5) and that Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc.; Aeon Operating, Inc.; and PMX Jewels, Ltd. are in possession of the proceeds of those violations and have been unjustly enriched.

C.    Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants and Relief Defendants will dissipate, conceal, or transfer assets which could be the subject to an order directing disgorgement or the payment of civil money penalties in this action.

D.    Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

E.    Good cause exists to believe that alternative service is necessary.

IT IS HEREBY ORDERED:

**I.**

IT IS ORDERED that Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Ming Xu a/k/a Phil Ming Xu, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the absence of any applicable exemption:

A.    unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use

2

1    or medium of any prospectus or otherwise;

2    B.    unless a registration statement is in effect as to a security, carrying or

3          causing to be carried through the mails or in interstate commerce, by any

4          means or instruments of transportation, any such security for the purpose

5          of sale or for delivery after sale; or

6    C.    making use of any means or instruments of transportation or

7          communication in interstate commerce or of the mails to offer to sell or

8          offer to buy through the use or medium of any prospectus or otherwise

9          any security, unless a registration statement has been filed with the SEC

10         as to such security, or while the registration statement is the subject of a

11         refusal order or stop order or (prior to the effective date of the

12         registration statement) any public proceeding or examination under

13         Section 8 of the Securities Act, 15 U.S.C. § 77h;

14   in violation of Section 5 of the Securities Act, 15 U.S.C. § 77e.

## II.

16   IT IS FURTHER ORDERED that Defendants World Capital Market Inc.,

17   WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Ming Xu a/k/a

18   Phil Ming Xu, and their officers, agents, servants, employees, attorneys, subsidiaries

19   and affiliates, and those persons in active concert or participation with any of them,

20   who receive actual notice of this Order, by personal service or otherwise, and each of

21   them, be and hereby are preliminarily restrained and enjoined from, directly or

22   indirectly, in the offer or sale of any securities, by the use of any means or instruments

23   of transportation or communication in interstate commerce or by the use of the mails:

24   A.    employing any device, scheme or artifice to defraud;

25   B.    obtaining money or property by means of any untrue statement of a

26         material fact or any omission to state a material fact necessary in order to

27         make the statements made, in light of the circumstances under which

28         they were made, not misleading; or

3

C.    engaging in any transaction, practice, or course of business which

operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

**III.**

IT IS FURTHER ORDERED that Defendants World Capital Market Inc.,
WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Ming Xu a/k/a
Phil Ming Xu, and their officers, agents, servants, employees, attorneys, subsidiaries
and affiliates, and those persons in active concert or participation with any of them,
who receive actual notice of this Order, by personal service or otherwise, and each of
them, be and hereby are preliminarily restrained and enjoined from, directly or
indirectly, in connection with the purchase or sale of any security, by the use of any
means or instrumentality of interstate commerce, or of the mails, or of any facility of
any national securities exchange:

A.    employing any device, scheme or artifice to defraud;

B.    making any untrue statement of a material fact or omitting to state a

material fact necessary in order to make the statements made, in the light

of the circumstances under which they were made, not misleading; or

C.    engaging in any act, practice, or course of business which operates or

would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5
thereunder, 17 C.F.R. § 240.10b-5.

**IV.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court,
Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a
WCM777 Enterprises, Inc., and Ming Xu a/k/a Phil Ming Xu, and Relief Defendants
Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source
International, Inc.; WCM Resources, Inc.; Aeon Operating, Inc.; and PMX Jewels,
Ltd. and their officers, agents, servants, employees, attorneys, subsidiaries and

affiliate, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants or Relief Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the Defendants or Relief Defendants, or their subsidiaries and affiliates.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Ming Xu a/k/a Phil Ming Xu, and/or Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; and WCM Resources, Inc., including but not limited to the accounts listed below:

| Account Name | Bank Name | Account Number |
|---|---|---|
| World Capital Market Inc. | Bank of America | xxxx-xxxx-2167 |
| World Capital Market Inc. | Bank of America | xxxx-xxxx-2879 |
| World Capital Market Inc. | Wells Fargo | xxxxx-x8959 |
| World Capital Market Inc. | Wells Fargo | xxxxx-x8895 |
| World Capital Market Inc. | Wells Fargo | xxxxx-x6766 |
| World Capital Market Inc. | Comerica | xxxxx-x 300 |
| World Capital Market Inc. | Merrill Lynch | xxx-x2135 |
| WCM777 | Bank of America | xxxx-xxxx-2837 |
| WCM777 | Bank of America | xxxx-xxxx-6539 |
| WCM777 Inc. | Wells Fargo | xxxxx-x9189 |
| WCM777 Inc. | Wells Fargo | xxxxx-x9817 |
| WCM777 Inc. | Wells Fargo | xxxxx-x5207 |
| WCM777 Inc. | Wells Fargo | xxxxx-x6247 |
| WCM777 Inc. | Wells Fargo | xxxxx-x6197 |
| WCM777 Ltd. | HSBC | xxx-xxxxx6-838 |
| WCM777 Ltd. | Wells Fargo | xxxxx-x1613 |
| WCM777 Ltd. | Wells Fargo | xxxxx-x3140 |
| WCM777 Ltd. | Wells Fargo | xxxxx-x2655 |
| Ming Xu | Bank of America | xxxx-xxxx-3817 |
| Ming Xu | Bank of America | xxxx-xxxx-5583 |
| Ming Xu | Wells Fargo | xxxxx-x7401 |
| Ming Xu | Wells Fargo | xxxxx-x0177 |
| Ming Xu | Comerica | xxxxx-x8899 |
| Ming Xu | Comerica | xxxxx-x0228 |
| Ming Xu | Comerica | xxxxx-x9298 |
| Ming Xu | E*Trade | xxxx5504 |
| Kingdom Capital Market, LLC | Bank of America | xxxx-xxxx-6193 |
| Kingdom Capital Market, LLC | Bank of America | xxxx-xxxx-4407 |

| Account Name | Bank Name | Account Number |
|---|---|---|
| Kingdom Capital Market, LLC | Bank of America | xxxx-xxxx-3417 |
| Kingdom Capital Market, LLC | Wells Fargo | xxxxx-x0937 |
| Kingdom Capital Market, LLC | Wells Fargo | xxxxx-x0377 |
| Kingdom Capital Market, LLC | Comerica | xxxxx-x1068 |
| Manna Source International, Inc. | Wells Fargo | xxxxx-x2000 |
| Manna Source International, Inc. | Wells Fargo | xxxxx-x6080 |
| Manna Source International, Inc. | Comerica | xxxxx-x1191 |
| Manna Holding Group, LLC | JPMorganChase | xxxxxxxxxx3233 |
| Manna Holding Group, LLC | Comerica | xxxxx-x0847 |
| WCM Resources, Inc. | Bank of America | xxxx-xxxx-3070 |
| The Manna For All Foundation*[1] | Comerica | xxxxxx-x0862 |
| The Manna For All Foundation* | JPMorganChase | xxxxxxxxxx5335 |
| The Manna For All Foundation* | JPMorganChase | xxxxxxxxxx3233 |
| The Media For Christ Foundation* | Citibank | Unknown |
| The Media For Christ Foundation* | JPMorganChase | Unknown |
| The Media For Christ Foundation* | Comerica | xxxxxx-x0088 |
| Agape Technology, Inc.* | Comerica | xxxxx-x9856 |
| ToPacific, Inc.* | Bank of America | xxxx-xxxx-1567 |
| ToPacific, Inc.* | Bank of America | xxxx-xxxx-9977 |
| ToPacific, Inc.* | Comerica | xxxxx-x0854 |
| ToPacific, Inc.* | Comerica | xxxxx-x7600 |
| ToPacific, Inc.* | JPMorganChase | xxxxxxxxxx3803 |
| ToPacific, Inc.* | JPMorganChase | xxxxxxxxxx0111 |
| ToPacific, Inc.* | East West Bank | xx-xxxx0497 |
| ToPacific, Inc.* | East West Bank | xx-xxxx0430 |
| ToPacific, Inc.* | American Continental | xxxx-141-7 |

[1] All asterisked accounts are accounts over which Defendant Ming Xu has authority.

| Account Name | Bank Name | Account Number |
|---|---|---|
| Goldpoint Holdings, Inc. | Bank of America | xxxx-xxxx-9407 |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on monies and assets traceable to the fraudulent conduct held by Relief Defendant Aeon Operating, Inc., up to the amount of $2.667 million; and by Relief Defendant PMX Jewels, Ltd., up to the amount of $750,000, in such account to be identified by Relief Defendant in writing to the SEC and this Court with five days of the entry of this Order.

## VII.

IT IS FURTHER ORDERED that, within ten days from the date of this Order, Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Ming Xu a/k/a Phil Ming Xu, and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc.; Aeon Operating, Inc.; and PMX Jewels, Ltd., any bank, financial institution or brokerage firm, and each of them, shall transfer to the registry of this Court assets, funds and other property held in foreign locations in the name of any Defendant or Relief Defendant, or for the benefit or under the direct or indirect control of any of them, or over which any of them exercises control or signatory authority, that is equal to the value of all funds transferred by U.S. investors, whether by wire transfer, third-party payment processor or otherwise, at the direction of either Defendants or any of their agents, representatives or accredited

advisors.

## VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Ming Xu a/k/a Phil Ming Xu, and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc.; Aeon Operating, Inc.; and PMX Jewels, Ltd., and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Ming Xu a/k/a Phil Ming Xu and/or Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc.; Aeon Operating, Inc.; and PMX Jewels, Ltd.

## IX.

IT IS FURTHER ORDERED that Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Ming Xu a/k/a Phil Ming Xu, and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc.; Aeon Operating, Inc.; and PMX Jewels, Ltd., within five days of the issuance of this Order, shall prepare and deliver to the SEC a detailed and complete schedule of all of their

personal assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number.  The accounting shall include a description of the sources of all such assets.  Such accounting shall be filed with the Court and a copy shall be delivered to the SEC to the attention of John B. Bulgozdy, Trial Counsel.  After completion of the accounting, each of the Defendants and Relief Defendants shall produce to the SEC at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

## X.

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any one of the Defendants or Relief Defendants, shall within 5 days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

## XI.

IT IS FURTHER ORDERED that, pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers to be served in this action, may be made by serving such documents as to Relief Defendant PMX Jewels, Ltd., by FEDEX or UPS, signature required, by any officer or director, or other authorized signatory, at 1204 Concordia Plaza, Greenfield Tower, 1 Science Museum Road, TST, Kowloon, Hong Kong 99077.

## XII.

IT IS FURTHER ORDERED that Krista L. Freitag of E3 Realty Advisors, Inc. is appointed as permanent receiver of Defendants World Capital Market Inc., WCM777 Inc., and WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna

Source International, Inc.; WCM Resources, Inc.; and their subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc., and their subsidiaries and affiliates, and that such receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc., and their subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property (including access to and taking custody, control, and possession of all such Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc. property, and that of their subsidiaries and affiliates;

    B.    to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession,

custody or control of any assets or funds of Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc., and their subsidiaries and affiliates, or which maintains accounts over which Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc., and their subsidiaries and affiliates, and/or any of their employees or agents have signatory authority;

C.     to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc., and their subsidiaries and affiliates, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

D.     to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc., and their subsidiaries and affiliates;

E.     to make an accounting, as soon as practicable, to this Court and the SEC of the assets and financial condition of Defendants World Capital

Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc., and to file the accounting with the Court and deliver copies thereof to all parties;

F.    to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him or her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging her duties as permanent receiver;

G.    to employ attorneys, accountants, and others to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist as a result of the activities of present or past employees or agents of Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc., and their subsidiaries and affiliates; and

H.    to have access to and monitor all mail, electronic mail, and video phone of the entities in receivership in order to review such mail, electronic mail, and video phone which he or she deems relates to their business and the discharging of her duties as permanent receiver.

## XIII.

IT IS FURTHER ORDERED that Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc., their subsidiaries and affiliates,

including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

## XIV.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc. shall take any action or purport to take any action, in the name of or on behalf of Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc., without the written consent of the permanent receiver or order of this Court.

## XV.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc., or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

A.   commencing, prosecuting, continuing or enforcing any suit or
proceeding (other than the present action by the SEC or any other action
by the government) against any of them;

B.   using self-help or executing or issuing or causing the execution or
issuance of any court attachment, subpoena, replevin, execution or other
process for the purpose of impounding or taking possession of or
interfering with or creating or enforcing a lien upon any property or
property interests owned by or in the possession of Defendants World
Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777
Enterprises, Inc., and Relief Defendants Kingdom Capital Market, LLC;
Manna Holding Group, LLC; Manna Source International, Inc.; WCM
Resources, Inc.; and

C.   doing any act or thing whatsoever to interfere with taking control,
possession or management by the permanent receiver appointed
hereunder of the property and assets owned, controlled or managed by or
in the possession of Defendants World Capital Market Inc., WCM777
Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Relief
Defendants Kingdom Capital Market, LLC; Manna Holding Group,
LLC; Manna Source International, Inc.; WCM Resources, Inc., or in any
way to interfere with or harass the permanent receiver or her attorneys,
accountants, employees, or agents or to interfere in any manner with the
discharge of the permanent receiver's duties and responsibilities
hereunder.

## XVI.

IT IS FURTHER ORDERED that Defendants World Capital Market Inc.,
WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Relief
Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna
Source International, Inc.; WCM Resources, Inc., and their subsidiaries, affiliates,

officers, agents, servants, employees and attorneys, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or her attorneys, accountants, employees or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

## XVII.

IT IS FURTHER ORDERED that Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc., and their subsidiaries and affiliates, shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him or her in carrying out her duties and obligations.  All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

## XVIII.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver.  Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of her duties and responsibilities.

**XIX.**

IT IS FURTHER ORDERED that representatives of the SEC and any other government agency are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc., and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc., and the other entities in receivership, and continuing access to inspect their funds, property, assets and collateral, wherever located.

**XX.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

Dated:  April 10, 2014

THE HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:
John B. Bulgozdy
Attorney for Plaintiff
Securities and Exchange Commission