UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WORLD CAPITAL MARKET INC.; WCM777 INC.; WCM777 LTD. d/b/a WCM777 ENTERPRISES, INC.; and MING XU a/k/a PHIL MING XU,<br><br>Defendants,<br><br>KINGDOM CAPITAL MARKET, LLC; MANNA HOLDING GROUP, LLC; MANNA SOURCE INTERNATIONAL, INC.; WCM RESOURCES, INC.; AEON OPERATING, INC.; AND PMX JEWELS, LTD., TOPACIFIC INC., VINCENT MESSINA and INTERNATIONAL MARKET VENTURES<br><br>Relief Defendants. | Case No. CV-14-2334-CAS-MRW<br><br><br><br>**DECLARATION OF GARY MESSINA**<br><br><br><br>Ctrm:    5 - 2nd Floor<br>Judge:   Hon. Christina A. Snyder |

GARY MESSINA, under penalty of perjury, hereby declares as follows:

1.    I am a principal of relief defendant International Market Ventures ("IMV") in this proceeding and submit this declaration pursuant to the Court's order of May 21, 2014 to provide an accounting of funds received by IMV from any of the named defendants or relief defendants.

2.    Neither I nor IMV received any funds from Ming Xu or any of the other named parties with the exception of Vincent Messina. The IMV account at Wells Fargo, account ending

3977, received from accounts of Vincent Messina a total of $300,000 as follows:

    3/3/14        Check for $175,000
    3/11/14      Check for $125,000

Exhibit 1: Wells Fargo Statements, account ending 3977.

    3. The account of International Market Ventures at Wells Fargo, account ending 5807, received a total of $750,000 from Vincent Messina, as follows:

    3/24/14      $350,000
    4/1/14        $400,000

Exhibit 2: Wells Fargo Statements, account ending 5807.

    4. Those funds were provided to me for two purposes. First, I had entered into a contract with Vincent Messina, dated December 4, 2013, that involved my performing services relating to Ming Xu's desire to form a political action committee focused on issues relating to Chinese nationals and immigrants. Exhibit 3: Consulting Contract. That contract called for a payment of $100,000 and I applied $100,000 of the funds received from Vincent Messina to that contract.

    5. The remainder of the funds from Vincent Messina were forwarded to me in relation to an investment in a Hong Kong company, CNC Consulting ("CNC"). I had been offered an opportunity to acquire a percentage interest in that entity, as had Vincent Messina. Funds that were being invested by Vincent Messina in CNC were transferred to me pursuant to an agreement that I would establish a Cayman Islands entity that would develop and oversee business in Libya and the Congo.

    6. As of the end of March, 2014, I decided not to continue with the formation of the Cayman entity. At that time, I was advised that a total of approximately $840,000 was needed in

relation to another CNC investment, and so I forwarded the funds to Andrew Savor's account at the Bank of Nova Scotia on April 1, 2014. Ex. 2: Wells Fargo Statement account ending 5807.[1]

7. On or about April 4, 2014, I was asked by Vincent Messina to forward the remainder of $100,000 to the escrow account at Thompson Hine and I did so.

8. As of May 21, 2014, I held no funds that had been received from Vincent Messina.

9. Pursuant to the Court's Order, I sent a request for repatriation of funds to Andrew Savor, and I have not yet received a response.

10. Finally, I note that the Court's order states that International Market Ventures Asia Limited is the "100% owner" of PMX Resources. It is not, and the documents that reflect the allocation of shares of that entity are attached hereto as Exhibit 4.

Dated: May 27, 2014

*Azadeh Miri*
*Notary Public*
*Expires May 14, 2018*
*District of Columbia*

_____
Gary Messina

Sworn to before me this
day of May 2014

5/23/2014
AZADEH MIRI

---

[1] There were issues relating to the Bank of Nova Scotia and so the funds were later resent to Savor's account at Toronto Dominion Bank. Ex. 2: Wells Fargo Statements account ending 5807.

3