JOHN B. BULGOZDY (Cal. Bar No. 219897)
Email: bulgozdyj@sec.gov
PETER F. DEL GRECO (Cal. Bar No. 164925)
Email: delgrecop@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Lorraine Echavarria, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>        vs.<br><br>WORLD CAPITAL MARKET INC.; WCM777 INC.; WCM777 LTD. d/b/a WCM777 ENTERPRISES, INC.; and MING XU a/k/a PHIL MING XU,<br><br>        Defendants,<br><br>        and<br><br>KINGDOM CAPITAL MARKET, LLC; MANNA HOLDING GROUP, LLC; MANNA SOURCE INTERNATIONAL, INC.;WCM RESOURCES, INC.; AEON OPERATING, INC.; PMX JEWELS, LTD., TOPACIFIC INC.; TO PACIFIC INC.; VINCENT J. MESSINA; and INTERNATIONAL MARKET VENTURES,<br><br>        Relief Defendants. | Case No. CV-14-2334-JFW-MRW<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference<br><br>Date:      August 11, 2014<br>Time:     8:30 a.m.<br>Place:    Courtroom 16<br>             (Hon. John F. Walter) |

Plaintiff Securities and Exchange Commission ("SEC"), Defendant Ming Xu ("Xu"), Krista Freitag as Permanent Receiver for Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. d/b/a WCM777 Enterprises, Inc. (collectively "WCM777"), and for Relief Defendants Kingdom Capital Market LLC, Manna Holding Group, LLC, Manna Source International, Inc., WCM Resources, Inc., ToPacific Inc., and To Pacific Inc. ("Receiver"), and Relief Defendants Aeon Operating, Inc. ("Aeon"), International Market Ventures ("IMV"), Vincent J. Messina ("Messina"), and PMX Jewels, Ltd. ("PMX Jewels"), by and through their undersigned counsel, respectfully submit this Joint Report pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and this Court's June 16, 2014 Order (Dkt. No. 93).

## I. PRELIMINARY STATEMENT

### A. Plaintiff's Preliminary Statement

The SEC prefaces the joint report with a preliminary statement to inform the Court of developments concerning its claims in the case.

The SEC has been informed that Defendant Xu plans to enter into a "bifurcated" settlement with the SEC, which would resolve the liability portion of the case against him through a consent and proposed judgment. If that occurs, then the only remaining issues to be determined as to Defendant Xu would be disgorgement, prejudgment interest, and civil penalties.

The SEC anticipates reaching a resolution with the Receiver concerning the claims against the receivership entities. The Receiver's forensic accounting is a prerequisite to any such resolution.

The SEC and Relief Defendant Aeon are engaged in settlement discussions and anticipate that a settlement will be finalized within 60 days.

At present the only disputed issues involve Relief Defendants Messina, IMV, and PMX Jewels. These parties dispute the Court's subject matter jurisdiction, and therefore have not agreed to a discovery schedule or initial disclosures. The Court has set an evidentiary hearing for September 5, 2014 on the SEC's claims that

Messina, IMV, and PMX Jewels should be ordered to disgorge the ill-gotten gains received from Defendants.

### B. Receiver's Preliminary Statement

The Receiver, as the federal equity receiver for the WCM777 entities is working on the forensic accounting pursuant to the appointment order. Upon completion of the accounting, the Receiver anticipates stipulating to judgments on behalf of the WCM777 entities. The Receiver does not intend to proceed with any discovery or otherwise expend receivership resources in connection with the within action.

The Receiver has identified claims against the Relief Defendants Aeon, IMV, Messina and PMX Jewels. However, the Receiver will await the outcome of the SEC's efforts to disgorge assets in connection with this action before proceeding with any independent actions to recover assets.

### C. Defendants' and/or Relief Defendants' Preliminary Statements

#### 1. Relief Defendant PMX Jewels' Preliminary Statement

PMX Jewels disputes that it was properly named as a Relief Defendant in this matter. Indeed, PMX Jewels received all monies attributed to PMX Jewels in this lawsuit through bona fide loans, thus negating the SEC's claims. Notwithstanding this position, PMX Jewels has engaged in settlement discussions with the SEC and the Receiver in an effort to avoid needless litigation since PMX Jewels is contractually bound to repay the monies received via the bona fide loans.

#### 2. Relief Defendants IMV and Messina's Preliminary Statement

Relief Defendants IMV and Messina maintain that the SEC has failed adequately to allege that the funds that were transferred from To Pacific are the proceeds of the alleged WCM scheme, or that the recipients do not have and have not stated a legitimate claim to those funds such that the matter is not susceptible of resolution through the relief defendant process. Relief Defendants maintain that any effort to invalidate the loan must occur in a litigated setting with actual claims that purport to

constitute a basis for voiding that loan agreement.  Because the funds were provided by Ming Xu and/or To Pacific, the appropriate proceeding may consist of the assertion of a claim by the Receiver on their behalf, and the Receiver previously attempted to state such a claim but then declined to proceed when the SEC filed its disgorgement claim.

Relief Defendants IMV and Messina also maintain that there is no basis for invalidation of the loan and that, as to other funds, services were performed and so the funds are not subject to disgorgement.

## II. JOINT REPORT

### A. Subject matter jurisdiction, personal jurisdiction, venue, and service of process

#### 1. Plaintiff's statement on jurisdiction

The Court has subject matter Sections 20(b), 20(d)(1), 22(a), and 22(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d)(1), 77v(a) & 77v(c), and Sections 21(d)(1), 21(d)(3)(A), 21(e) and 27(a) and 27(b)of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78u(e), 78aa(a) & 78aa(b).  All parties have been served, and none of the parties have contested venue.

Relief Defendants Messina, IMV, and PMX Jewels have challenged the Court's subject matter jurisdiction based upon their purported legitimate claim to the monies they received from the Defendants.  The SEC's position is that the Court's Order Denying Motion to Dismiss Claims Against Relief Defendants Messina and IMV (Dkt. No. 106) resolved the question of subject matter jurisdiction.

#### 2. Defendants' and/or Relief Defendants' statement on jurisdiction

##### a. Relief Defendant PMX Jewels' statement on jurisdiction

PMX Jewels disputes the SEC's position that the Court has resolved the question of subject matter jurisdiction.  An evidentiary hearing is set for September

3

5, 2014 to resolve the issue of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) as to Relief Defendants Vincent Messina, International Market Ventures and PMX Jewels.  The SEC seems to take the position that the purpose of the September 5 hearing is to resolve the ultimate question of whether the Relief Defendants have any actual rights to the disputed funds.  If this were the case, then the Court's finding at the end of the hearing would conclude the matter as to the Relief Defendants and there would be no need for post-hearing litigation such as the discovery schedule that the SEC has proposed below.

### b. **Relief Defendant Messina and IMV's statement on jurisdiction**

Relief Defendants assert that the Court lacks subject matter jurisdiction because the plaintiff has failed adequately to allege that the amounts received by Relief Defendants from To Pacific were proceeds of the alleged WCM scheme, or that the Relief Defendants lack a legitimate claim to the funds.

## B. Synopsis of Case

### 1. **Plaintiff's statement**

#### a. **Allegations against Defendants Xu and WCM777**

The SEC alleged that Defendants WCM777 and Xu operated a pyramid scheme, Ponzi scheme, and misappropriated investor funds through an unregistered securities offering sold under the name WCM777.  Through publicly available websites and promotional materials, Defendants offered membership units in WCM777, which they represented as a profitable multi-level marketing venture that sold packages of "cloud media" or cloud services.  Defendants promised investors that they would earn 100% or more returns in 100 days, and that "points" which investors received would be convertible into equity in initial public offerings of "high tech" companies.  Defendants facilitated a "secondary market" in the points they awarded to investors, and estimated that $890 million of points had traded on this market as of the filing of the Complaint in March 2014.

1   In fact, Defendants did not have an appreciable source of revenue other than
2   proceeds from investors.  WCM777 was not profitable, and Defendants used some of
3   the investor proceeds to make Ponzi payments of returns to investors.  The bulk of the
4   investor funds were used to pay cash for real property purchased in the United States
5   and held in the names of Relief Defendants Manna Holding Group and Kingdom
6   Capital Market, both of which are affiliated with Defendant Xu.  Investor funds were
7   also invested in an oil and gas offering of Relief Defendant Aeon, through Relief
8   Defendant WCM Resources.  Other investor funds were sent to Relief Defendant PMX
9   Jewels, which purported to be a diamond merchant in Hong Kong, and to Relief
10  Defendant Manna Source International, which is affiliated with Defendant Xu.

11  The SEC alleged that the Defendants' conduct violated the antifraud provisions
12  of the Securities Act, Section 17(a), 15 U.S.C. § 77q(a), and the Exchange Act, Section
13  10(b)(5) and Rule 10b-5 thereunder, 15 U.S.C. § 78j(b) and 17 C.F.R § 240.10b-5,
14  because Defendants misrepresented themselves and their companies in the offering of
15  WCM777.  In addition, the SEC alleged that the Defendants' conduct violated the
16  registration provisions of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§
17  77e(a) and 77e(c), because the WCM777 offering was not registered.  The SEC alleged
18  that Defendant Xu was liable under Section 20(a) of the Exchange Act, 15 U.S.C. §
19  78t(a), as a controlling person, for the violations of Defendants WCM777.  The SEC
20  seeks a permanent injunction against Defendants' future violations of the federal
21  securities laws, disgorgement of ill-gotten gains by Defendants with prejudgment
22  interest thereon, and imposition of civil penalties on Defendants.

### b. Allegations against Relief Defendants

24  The SEC alleged that the Relief Defendants received proceeds of the fraud to
25  which they had no legitimate claim, and seeks disgorgement of those funds.  The
26  Relief Defendants fall into three general categories:  (1) Relief Defendants owned by
27  Xu, (2) Relief Defendants Messina, IMV, and PMX Jewels, and (3) Aeon.
28  The Relief Defendants owned by Xu consist of Manna Holding Group, Kingdom

Capital Market, Manna Source International, WCM Resources, ToPacific, and To_Pacific. These entities have been included in the receivership estate, and the SEC anticipates that there will not be any issues concerning disgorgement.

Relief Defendant Aeon voluntarily disgorged approximately $1.2 million in cash to the Receiver. The SEC is engaged in settlement discussions to resolve its claim against Aeon.

Relief Defendants Messina and IMV received $5.2 million, and PMX Jewels received $1.1 million directly, and another $200,000 indirectly in a wire transfer to the personal bank account of its Chief Executive Officer. Messina is the General Counsel of IMV and was in-house legal counsel to WCM777. Messina and IMV have an interest in PMX Jewels, which is apparently owned and operated by an IMV Senior Vice President, Scott Choi. There is no dispute that Messina knew that $5 million he received was Defendant Xu's money. Messina admitted in a sworn declaration that Xu initially transferred the funds to Messina so that Messina could hold the funds for Xu, at a time when Messina knew that Defendants were the subject of an SEC investigation. The SEC contends that given Messina's position as an insider at WCM777 who was aware of an ongoing SEC investigation and was asked to hold money for the principal defendant, Messina cannot establish a legitimate claim to the funds as a factual or legal matter. Messina claims that he is entitled to keep the funds because of an agreement he made to pay $5 million, plus interest, to Defendant Xu in 2019, but that agreement is deficient for a number of reasons.

Messina moved the $5.2 million among and between different accounts he controlled at different banks, transferred over $650,000 to IMV, and transferred $2.179 million offshore to a Hong Kong affiliate of Messina and IMV.

    **2.    Defendants' and/or Relief Defendants' Statement**

        **a.    Relief Defendant PMX Jewels' Statement**

The First Amended Complaint (the "FAC") alleges that defendants World Capital Market Inc. ("WCM"), WCM777 Inc., WCM777 Ltd., d/b/a WCM777

Enterprises, Inc., and Ming XU a/k/a Phil Ming Xu ran a Ponzi scheme and misappropriated investor funds through an unregistered securities offering. (FAC at ¶ 92.) The FAC names PMX Jewels as a relief defendant and purportedly claims that up to $750,000.00 of the investor funds were given to PMX Jewels. (FAC at ¶¶ 5, 81.) The FAC offers no context of how these funds came to be given to PMX Jewels, nor does it claim that PMX Jewels played any role in the Ponzi scheme. Importantly, the FAC fails to claim that lack a legitimate claim to the funds. In fact, the FAC says very little about PMX Jewels. Of the 119 paragraphs of the FAC, PMX Jewels is mentioned a mere 4 times. (FAC at ¶¶ 5, 18, 81, 92.) On April 10, 2014, a preliminary injunction was entered freezing the assets of PMX Jewels. (Doc #33.)

PMX Jewels has a legitimate claim in the funds attributed to it in the FAC. The $750,000 mentioned in connection with PMX Jewels in the FAC was actually received by PMX Jewels through bona fide loan agreements between PMX Jewels, PMX Holdings (HK), Limited (PMX Jewels' original parent company) and World Capital Market Inc. ("WCM").[1] The loans were used as WCM's capital investment in PMX Holdings and to establish and sustain PMX Holdings through purchases of diamonds and mining equipment. These loans provided PMX Jewels and PMX Holdings with certain rights and obligations, such as the requirement to repay the loans to WCM with interest. Therefore, a debtor-creditor relationship exists between the entities and such a relationship provides sufficient evidence of a legitimate ownership interest in the funds to defeat a designation of PMX Jewels as a relief defendant.

      **b. Relief Defendants Messina and IMV Statement**

Relief Defendants Messina and IMV maintain that Mr. Messina provided legal

---

[1] The SEC alleged in the FAC that $750,000 was attributed to PMX Jewels. The $750,000 consisted of a loan for $200,000 and a loan for $550,000. In this Joint Report, the SEC now attributes $1.3 million to PMX Jewels. This increase in funds is a result of PMX Jewels voluntarily disclosing to the SEC that PMX Jewels, PMX Holdings (HK) and WCM negotiated a third loan for $550,000. The SEC was apparently unaware of this third loan at the time of filing the FAC.

1  advice and counseling to WCM in relation to certain business and investment matters,
2  in connection with which he received a series of payments, but he did not represent
3  WCM in connection with the SEC investigation.  In relation to the SEC matter, WCM
4  was represented by Scott Warren of Wellman & Warren, and Mr. Messina was
5  repeatedly told that the attorney had arranged with the SEC to settle all issues for a
6  payment of $10 million.  Mr. Messina was also aware that amounts of more than $15
7  million had been made available for that resolution, and he declined to accept and hold
8  those funds because he was not involved in that matter.  Those funds were then sent to
9  another attorney and were, as far as Mr. Messina knew, more than adequate to fund the
10 settlement that Mr. Warren claimed had been reached. Thereafter, Xu transferred other
11 funds to Mr. Messina, and the two entered into a loan agreement pursuant to which Mr.
12 Messina is obligated to repay the funds with interest.

With respect to IMV, it received transfers from Mr. Messina relating to activities of CNC Consulting.  Mr. Messina thereafter forwarded those funds to others associated with the Hong Kong activity, retaining only $100,000 that was payment for services performed in relation to a possible formation of a political action committee.

**C.  Disputed Issues of Law**

While the SEC does not believe there is any relevant disputed issue of law, Relief Defendants Messina and IMV assert that there is a dispute relating to the scope of the relief defendant process, and the procedures to determine those issues.

**D.  Prior, Pending, and Anticipated Motions**

**1.  Prior Motions**

- SEC's *Ex Parte* Application for a Temporary Restraining Order and Orders (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Granting Expedited Discovery; (4) Requiring Accountings; (5) Authorizing Alternative Service; and (6) Appointing a Temporary Receiver, and Order to Show Cause re Preliminary Injunction and Appointment of a Permanent Receiver (Dkt. No. 5)

- Receiver's *Ex Parte* Application for Order: (1) Temporarily Freezing the Bank Accounts of Vincent Messina; and (2) Requiring Vincent Messina to Provide an Accounting (Dkt. No. 29)
- Receiver's *Ex Parte* Application for Order Authorizing Engagement of Management Company and Consultant for Golf Courses (Dkt. No. 42)
- SEC's *Ex Parte* Application for an Order (1) Freezing Assets; (2) Requiring a Detailed Accounting; (3) Prohibiting the Destruction of Documents; (4) Granting Expedited Discovery; (5) Repatriating Assets; and (6) Appointing a Receiver Over Relief Defendants ToPacific Inc., a Delaware Corporation and To Pacific Inc., a California Corporation (Dkt. No. 53)
- Motion for Order in Aid of Receivership (Dkt. No. 61)
- Motion of Relief Defendants Messina and IMV to Dismiss Claims Against Relief Defendants Vincent Messina and International Market Ventures (Dkt. No. 80)
- Relief Defendant PMX Jewels, Ltd.'s Motion to Dismiss the First Amended Complaint and Preliminary Injunction (Dkt. No. 101)

### 2. Pending Motions

Relief Defendants Messina's and IMV's Motion for Reconsideration was filed on July 21, 2014, and noticed for hearing on August 25, 2014. The SEC's opposition is due August 4, 2014.

PMX Jewels takes the position that the issue of subject matter jurisdiction, as raised in the Motion to Dismiss Claims Against Relief Defendants Vincent Messina and International Market Ventures (Doc #106), is outstanding and will be resolved through the evidentiary hearing scheduled for September 5, 2014.

### 3. Anticipated Motions

**a. The SEC anticipates that it may file the following motions**

• Motion to determine disgorgement, prejudgment interest, and civil penalty as to Defendant Xu

• Motion for Order to Show Cause Why Relief Defendants Messina and IMV Should not be Held in Contempt

• Motion(s) to compel discovery from Relief Defendant IMV, which has not responded to an outstanding request for production of documents and to compel discovery from Relief Defendant Messina.

**b. The Receiver anticipates that it may file motions**

The Receiver anticipates that it may file motions in aid of the receivership, including but not limited to motions to market and sell property, motion to establish a claims process and claims bar date, motion for approval of a distribution plan, and motion to approve various settlements with third parties.

**c. Defendants/Relief Defendants anticipate the following motions**

At this time, PMX Jewels does not anticipate filing any additional motions.

**E. Amendments to Pleadings**

None anticipated at this time.

**F. Rule 26(a)(1) Initial Disclosures**

The SEC provided initial disclosures required by Rule 26(a)(1) on July 25, 2014.

If discovery in this matter proceeds, Relief Defendants Messina, IMV, and PMX Jewels are prepared to file initial disclosures on or before September 30, 2014.

**G. Proposed Discovery Plan**

**1. SEC's Proposed Discovery Plan**

The parties conducted a Rule 26(f) conference on July 17, 2014. In view of the procedural posture of the case and the settlement with Defendant Xu, the main issue

1 involved a proposed discovery plan concerning Relief Defendants Messina, IMV, and
2 PMX Jewels. Relief Defendants Messina, IMV, and PMX Jewels refused to discuss
3 any discovery plan, and maintained that the Court had not yet determined subject
4 matter jurisdiction.
5     The SEC anticipates conducting discovery relating to the claims against Relief
6 Defendants Messina, IMV, and PMX Jewels. The SEC does not propose any
7 limitations or modifications of the discovery rules. Discovery should not be phased,
8 limited, or focused on particular issues. The SEC has already served requests for
9 production of documents on IMV and Messina, who have served requests for
10 production on the SEC.
11     The SEC proposes the following a discovery cut-off for all purposes of this case
12 of December 12, 2014.

### 2. Defendants' and/or Relief Defendants' Discovery Plan

#### a. Relief Defendant PMX Jewels' Discovery Plan

15 PMX Jewels denies that it refused to discuss a discovery plan with the SEC.
16 Instead, PMX Jewels expressed its confusion over a need for post-evidentiary-hearing
17 discovery. Given that the only "parties" that remain active in this matter are the SEC,
18 and the Relief Defendants, it seems that there would be no need for discovery after the
19 Court determines if it has subject matter jurisdiction over the Relief Defendants. If this
20 Court holds otherwise, then PMX Jewels does not object to the Discovery Plan
21 proposed by the SEC, nor does it object to providing Initial Disclosures. It should be
22 noted that PMX Jewels has previously produced over 300 pages of documents to the
23 Receiver.

#### b. Relief Defendants Messina's and IMV's Discovery Plan

25 If Relief Defendants are not dismissed from this action, and discovery proceeds,
26 Relief Defendants IMV and Messina propose a discovery cut off of March 1, 2015.

### H. Related Proceedings

28 The SEC is not aware of any related proceedings.

**I.  Damages**

The SEC does not seek damages, but rather seeks permanent injunctive relief, disgorgement of ill-gotten gains with prejudgment interest thereon, civil penalties, and any other appropriate relief.

**J.  Certification as to Interested Parties or Persons**

The SEC is not required to filed a certification as to interested parties under Local Rule 7.1-1.

PMX Jewels shall file a Notice of Interested Parties pursuant to Local Rule 7.1-1.  PMX Jewels anticipates naming the following entities as having a financial interest in the subject matter or an interest that could be affected by the outcome of the proceeding:

- PMX Holdings (HK)
- PMX Resources Limited d/b/a Precious MineralX Resources Limited (Current Parent Company of PMX Jewels).

**K.  Dates for Completion of Discovery, Hearing of Motions, Final Pretrial Conference, and Trial**

| Item | SEC's Proposed Date | Relief Defendants' IMV and Messina's Proposed Date |
|---|---|---|
| Discovery cut-off | December 12, 2014 | March 1, 2015 |
| Last day for filing dispositive motions | January 28, 2015 | April 1, 2015 |
| Last day for hearing motions | March 2, 2015 | June 1, 2015 |
| Final Pretrial Conference | March 30, 2015 | August 1, 2015 |
| Trial | April 13, 2015 | September 10, 2015 |

**L.  Trial Estimate**

The SEC does not anticipate that any matters will remain for trial.  In the event that circumstances develop such that a trial is necessary on any matter, the SEC believes that its presentation could be completed in five to seven trial days.

12

**M.     Settlement and Settlement Mechanism**

The SEC has discussed settlement with Defendant Xu and Relief Defendants Aeon and PMX Jewels.  The SEC proposes ADR Procedure No. 1 under Local Rule 16-15.4, which provides for settlement discussions to be held by the district judge or magistrate judge.

Relief Defendants IMV and Messina had discussions with the Receiver's counsel regarding resolution, and look forward to further settlement discussions conducted by the district or magistrate judge.

**N.     Complex Litigation Procedures**

The SEC does not believe this matter warrants adopting procedures outlined in the Manual for Complex Litigation.

**O.     Dispositive Motions and Motions *in Limine***

The SEC anticipates filing a dispositive motion concerning its claim against Relief Defendants Messina and IMV.  The SEC may file a dispositive motion to resolve the question of disgorgement, prejudgment interest, and civil penalties as to Defendant Xu.  At this time, the SEC does not anticipate filing any motions *in limine*.

**P.     Unusual Legal Issues Presented**

None.

**Q.     Severance, Bifurcations, and Other Ordering of Proof**

The parties do not propose severance, bifurcation, or other ordering of proof in this matter.

Respectfully submitted,

Dated:  July 28, 2014              */s/ John B. Bulgozdy*
                                   John B. Bulgozdy
                                   Peter F. Del Greco
                                   Attorneys for Plaintiff
                                   Securities and Exchange Commission

Dated:  July 28, 2014              */s/ Evan P. Lee*
                                   Michael Volkov

|   |   |
|---|---|
|   | Evan P. Lee<br>The Volkov Law Group LLC<br>Attorneys for Defendant Ming Xu |
| Dated: July 24, 2014 |     */s/ David Zaro*<br>David Zaro<br>Edward G. Fates<br>Allen Matkins Leck Gamble<br>Mallory & Natsis LLP<br>Attorneys for Krista J. Freitag,<br>Permanent Receiver for World Capital Market Inc.; WCM777, Inc.; WCM777 Ltd. d/b/a WCM777 Enterprises, Inc.; Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc.; ToPacific Inc.; and To Pacific, Inc. |
| Dated: July 28, 2014 |     */s/ Maranda E. Fritz*<br>Maranda E. Fritz<br>Thompson Hine LLP<br><br>Mark L. Smith<br>Clyde Snow & Sessions<br>Attorneys for Relief Defendants<br>Vincent J. Messina and International Market Ventures |
| Dated: July 28, 2014 |     */s/ Riley H. Ross*<br>Riley H. Ross III<br>Ross Legal Practice, LLC<br><br>Ariel A. Neuman<br>Bird Marella Boxer Wolpert Nessim Drooks Licenberg & Rhow, P.C.<br>Attorneys for Relief Defendant<br>PMX Jewels, Ltd. |
| Dated: July 28, 2014 |     */s/ Richard V. Vermazen*<br>Richard V. Vermazen<br>Law Office of Richard V. Vermazen<br>Attorney for Relief Defendant<br>Aeon Operating, Inc. |

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
5670 Wilshire Boulevard,, 11th Floor, Los Angeles, California 90036-3648
Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On July 28, 2014, I caused to be served the document entitled **JOINT RULE 26(f) REPORT** on all the parties to this action addressed as stated on the attached service list:

☒ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: July 28, 2014            */s/ John B. Bulgozdy*
                               John B. Bulgozdy

**SEC v. WORLD CAPITAL MARKET, et al.**
**United States District Court—Central District of California**
**Case No. 2:14-cv-02334-CAS-MRW**

**SERVICE LIST**

David Van Sambeek, Esq. **(served by CM/ECF)**
Amrita Bimali Walgampaya, Esq. **(served by CM/ECF)**
Wellman & Warren LLP
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
Email: davidv@w-wlaw.com
Email: bwalgampaya@w-wlaw.com
*Pre-receivership Attorney for Defendants World Capital Market Inc., WCM777 Inc., WCM777 Ltd. dba WCM777 Enterprises, Inc., and Relief Defendant Manna Source International, Inc.*

Michael Volkov, Esq. **(served by CM/ECF)**
The Volkov Law Group LLC
8105 Fenway Road
Bethesda, MD 20817
Email: mvolkov@volkovlaw.com
*Attorney for Defendant Ming Xu a/k/a Phil Ming Xu*

Evan P. Lee, Esq. **(served by CM/ECF)**
633 W. 5th Street, 26th Floor
Los Angeles, CA 90071
Email: elee@volkovlaw.com
*Attorney for Defendant Ming Xu a/k/a Phil Ming Xu*

David F. Lusby, Esq. **(served by CM/ECF)**
The Volkov Law Group LLC
1490 Duke Street
Alexandria, VA 22314
Email: dlusby@volkovlaw.com
*Attorney for Defendant Ming Xu a/k/a Phil Ming Xu*

Maranda E. Fritz, Esq. **(served by CM/ECF)**
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, New York 10017
Email: Maranda.fritz@ThompsonHine.com
*Attorney for Relief Defendants Vincent J. Messina and International Market Ventures*

Mark L. Smith, Esq. **(served by CM/ECF)**
Clyde Snow & Sessions
633 West Fifth Street, 26th Floor
Los Angeles, CA 90071
Email: msmith@clydesnow.com
*Attorney for Relief Defendants Vincent J. Messina and International Market Ventures*

| | |
|---|---|
| 1 | David Zaro, Esq. **(served by CM/ECF)** |
| 2 | Edward G. Fates, Esq. **(served by CM/ECF)** |

David Zaro, Esq. **(served by CM/ECF)**
Edward G. Fates, Esq. **(served by CM/ECF)**
Allen Matkins Leck Gamble Mallory & Natsis LLP
515 South Figueroa Street, 9th Floor
Los Angeles, CA  90071-3309
Email: dzaro@allenmatkins.com
Email: tfates@allenmatkins.com
***Attorney for Krista J. Freitag, Receiver for World Capital Market Inc.; WCM777, Inc., WCM777, Ltd. d/b/a WCM777 Enterprises, Inc., Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc., WCM Resources, Inc., ToPacific Inc. and To Pacific Inc.***

Richard V. Vermazen, Esq. **(served by CM/ECF)**
Law Office of Richard V. Vermazen, APLC
1951 Cable Street
San Diego, CA 92107
Email:  rvermazen@hotmail.com
***Attorney for Relief Defendant Aeon Operating, Inc.***

Ariel A. Neuman, Esq. **(served by CM/ECF)**
Bird Marella Boxer Wolpert Nessim Drooks, Licenberg & Rhow, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
Email:  aan@birdmarella.com
***Attorneys for Relief Defendant PMX Jewels, Limited***

Riley H. Ross III, Esq. **(served by CM/ECF)**
Ross Legal Practice, LLC
Two Penn Center
1500 JFK Boulevard, Suite 1525
Philadelphia, PA 19102
Email:  rileyross@rosslegalpractice.com
***Attorneys for Relief Defendant PMX Jewels, Limited***

3