1  JOHN B. BULGOZDY, Cal. Bar No. 219897
   Email: bulgozdyj@sec.gov
2  PETER F. DEL GRECO, Cal. Bar No. 164925
   Email: delgrecop@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Michele Wein Layne, Regional Director
5  John W. Berry, Acting Regional Trial Counsel
   444 S. Flower Street, 9th Floor
6  Los Angeles, California 90071
   Telephone: (323) 965-3998
7  Facsimile: (213) 443-1904

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  SECURITIES AND EXCHANGE              Case No. 2:14-cv-02334-JFW-MRW
    COMMISSION,
12                                       CONSENT OF DEFENDANTS
                  Plaintiff,             WORLD CAPITAL MARKET, INC.;
13                                       WCM777, INC.; WCM777, LTD. dba
                                         WCM777 ENTERPRISES, INC., and
14           vs.                         RELIEF DEFENDANTS KINGDOM
                                         CAPITAL MARKET, LLC; MANNA
15  WORLD CAPITAL MARKET, INC.;          HOLDING GROUP, LLC; MANNA
    WCM777, INC.; WCM777, LTD. dba       SOURCE INTERNATIONAL, INC.;
16  WCM777 ENTERPRISES, INC.; and        WCM RESOURCES, INC.;
    MING XU a/k/a "PHIL" MING XU,        TOPACIFIC INC.; TO PACIFIC INC.
17
                  Defendants,
18

19           and

20  KINGDOM CAPITAL MARKET,
    LLC; MANNA HOLDING GROUP,
21  LLC; MANNA SOURCE
    INTERNATIONAL, INC.; WCM
22  RESOURCES, INC.; AEON
    OPERATING, INC.; PMX JEWELS,
23  LTD.; TOPACIFIC INC.; TO
    PACIFIC INC.; VINCENT J.
24  MESSINA; and INTERNATIONAL
    MARKET VENTURES,
25
                  Relief Defendants.
26

27

28

1.      Defendants World Capital Market, Inc.; WCM777, Inc.; and WCM777, Ltd. dba WCM777 Enterprises, Inc. (collectively "Defendants"); and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc.; ToPacific Inc., and To Pacific Inc. (collectively "Relief Defendants"), through their Receiver, Krista Freitag, acknowledge having been served with the Complaint in this action, enter a general appearance, and admit the Court's jurisdiction over the Defendants and Relief Defendants and over the subject matter of this action.

2.      Without admitting or denying the allegations of the Complaint, except as to personal and subject matter jurisdiction, which Defendants and Relief Defendants admit, Defendants and Relief Defendants consent to the entry of a Judgment ("Judgment") that is being submitted to the Court herewith which, among other things:

    a. Permanently restrains and enjoins Defendants from violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]; and Sections 5(a) and 5(c) of the Securities Act [15 U.S.C.§ 77e(a) and 77e(c)];

    b. Orders Defendants to pay disgorgement in the amount of $80,791,021, plus prejudgment interest thereon in the amount of $7,002,363.02, for a total of $87,793,384.02; and

    c. Orders Defendants to pay a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] in an amount to be determined by the Court upon the motion of the Securities and Exchange Commission ("SEC") at a later date; and

d.  Orders Relief Defendants to disgorge all funds received directly or indirectly from Defendants to the Receiver.

3.     Defendants agree that in connection with the SEC's motion for civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the SEC's motion for civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

4.     Defendants and Relief Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.     Defendants and Relief Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6.     Defendants and Relief Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the SEC or any member, officer, employee, agent, or representative of the SEC to induce Defendants and Relief Defendants to enter into this Consent.

7.     Defendants and Relief Defendants agree that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

8.      Defendants and Relief Defendants will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

9.      Defendants and Relief Defendants waive service of the Judgment and agree that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants and Relief Defendant of its terms and conditions.

10.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants and Relief Defendant in this civil proceeding.  Defendants and Relief Defendants acknowledge that no promise or representation has been made by the SEC or any member, officer, employee, agent, or representative of the SEC with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendants and Relief Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding.  .

11.      Defendants and Relief Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the SEC's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations."  As part of Defendants' and Relief Defendants' agreement to comply with the terms of Section 202.5(e), Defendants and Relief Defendants:  (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is

without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendants or Relief Defendant do not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that Defendants and Relief Defendants do not deny the allegations; and (iii) upon the filing of this Consent, Defendants and Relief Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint.  If Defendants or Relief Defendants breach this agreement, the SEC may petition the Court to vacate the Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendants' or Relief Defendants':  (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the SEC is not a party.

12.     Defendants and Relief Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants or Relief Defendants to defend against this action.  For these purposes, Defendants and Relief Defendants agree that Defendants and Relief Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendants and Relief Defendants agree that the SEC may present the Judgment to the Court for signature and entry without further notice.

14.     Defendants and Relief Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

WORLD CAPITAL MARKET, INC.;
WCM777, INC.; AND WCM777, LTD.
DBA WCM777 ENTERPRISES, INC.;
KINGDOM CAPITAL MARKET, LLC;
MANNA HOLDING GROUP, LLC;
MANNA SOURCE INTERNATIONAL,
INC.; WCM RESOURCES, INC.;
TOPACIFIC INC., AND TO PACIFIC INC.

By: _____

Krista Freitag, in her capacity as Receiver for
Defendants World Capital Market, Inc.;
WCM777, Inc.; and WCM777, Ltd. dba
WCM777 Enterprises, Inc.; and Relief
Defendants Kingdom Capital Market, LLC;
Manna Holding Group, LLC; Manna Source
International, Inc.; WCM Resources, Inc.;
ToPacific Inc., and To Pacific Inc.

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On November 21, 2016, I caused to be served the document entitled **CONSENT OF DEFENDANTS WORLD CAPITAL MARKET, INC.; WCM777, INC.; AND WCM777, LTD. DBA WCM777 ENTERPRISES, INC.; AND RELIEF DEFENDANTS KINGDOM CAPITAL MARKET, LLC; MANNA HOLDING GROUP, LLC; MANNA SOURCE INTERNATIONAL, INC.; WCM RESOURCES, INC.; TOPACIFIC INC., AND TO PACIFIC INC.** on all the parties to this action addressed as stated on the attached service list:

☐     **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐     **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐     **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐     **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☒     **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐     **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒     **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐     **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  November 21, 2016                    */s/ John B. Bulgozdy*
                                                          John B. Bulgozdy

1

**SEC v. WORLD CAPITAL MARKET, et al.**
**United States District Court—Central District of California**
**Case No. 2:14-cv-02334-JFW-MRW**

**SERVICE LIST**

Robert E. Barnes, Esq.
601 S. Figueroa Street, Suite 4050
Los Angeles, CA 90017
Email: robertbarnes@barneslawllp.com
*Attorney for Defendant Ming Xu a/k/a Phil Ming Xu*

Maranda E. Fritz, Esq.
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, New York 10017
Email: Maranda.fritz@ThompsonHine.com
*Attorney for Relief Defendants Vincent J. Messina and International Market Ventures*

Mark L. Smith, Esq.
Hickey Smith
23 E. Colorado Boulevard, Suite 203
Pasadena, CA 91005
Email: msmith@hickeysmith.com
*Attorney for Relief Defendants Vincent J. Messina and International Market Ventures*

David Zaro, Esq.
Edward G. Fates, Esq.
Allen Matkins Leck Gamble Mallory & Natsis LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA 90071-2543
Email: dzaro@allenmatkins.com
Email: tfates@allenmatkins.com
*Attorney for Krista J. Freitag, Receiver for World Capital Market Inc.; WCM777, Inc., WCM777, Ltd. d/b/a WCM777 Enterprises, Inc., Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc., WCM Resources, Inc., ToPacific Inc. and To Pacific Inc.*

Richard V. Vermazen, Esq.
Law Office of Richard V. Vermazen, APLC
1951 Cable Street
San Diego, CA 92107
Email: rvermazen@hotmail.com
*Attorney for Relief Defendant Aeon Operating, Inc.*

Phillip Du Toit **(served via UPS)**
370 Texas Road
Fairie Glen, 0043, South Africa
*Representative for Relief Defendant PMX Jewels, Limited*

2