JOHN B. BULGOZDY, Cal. Bar No. 219897
Email: bulgozdyj@sec.gov
PETER F. DEL GRECO, Cal. Bar. No. 164925
Email: delgrecop@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Associate Regional Director
444 S. Flower Street, 9th Floor
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>             Plaintiff,<br><br>   vs.<br><br>WORLD CAPITAL MARKET, INC.; WCM777, INC.; WCM777, LTD. dba WCM777 ENTERPRISES, INC.; and MING XU a/k/a "PHIL" MING XU,<br><br>             Defendants,<br><br>        and<br><br>KINGDOM CAPITAL MARKET, LLC; MANNA HOLDING GROUP, LLC; MANNA SOURCE INTERNATIONAL, INC.; WCM RESOURCES, INC.; AEON OPERATING, INC.; PMX JEWELS, LTD.; TOPACIFIC INC.; TO PACIFIC INC.; VINCENT J. MESSINA; and INTERNATIONAL MARKET VENTURES,<br><br>             Relief Defendants. | Case No. 2:14-cv-02334-JFW-MRW<br><br>**JUDGMENT AS TO DEFENDANTS WORLD CAPITAL MARKET, INC.; WCM777, INC.; AND WCM777, LTD. DBA WCM777 ENTERPRISES, INC.; AND RELIEF DEFENDANTS KINGDOM CAPITAL MARKET, LLC; MANNA HOLDING GROUP, LLC; MANNA SOURCE INTERNATIONAL, INC.; WCM RESOURCES, INC.; TOPACIFIC INC., AND TO PACIFIC INC.** |

The Securities and Exchange Commission ("SEC") having filed a Complaint and Defendants World Capital Market, Inc.; WCM777, Inc.; and WCM777, Ltd. dba WCM777 Enterprises, Inc. (collectively "Defendants"); and Relief Defendants Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc.; ToPacific Inc., and To Pacific Inc. (collectively "Relief Defendants"), through their Receiver, Krista Freitag, having entered a general appearance, consented to the Court's jurisdiction over Defendants and Relief Defendants and the subject matter of the action; and consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 5

of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

 (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

 (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

 (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are liable for disgorgement of $80,791,021, representing profits gained as a result of the conduct alleged in the Complaint, together with

1  prejudgment interest thereon in the amount of $7,002,363.02, for a total of
2  $87,793,384.02.  The Receiver shall collect, hold, and disburse such funds as can
3  be recovered in an effort to satisfy all or part of this disgorgement amount.

**V.**

5  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
6  that Relief Defendants shall disgorge all funds received directly or indirectly from
7  Defendants to the Receiver.

**V.**

9  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
10  that Defendants shall pay a civil penalty pursuant to Section 20(d) of the Securities
11  Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §
12  78u(d)(3)].  The Court shall determine the amounts of the civil penalty upon
13  motion of the SEC.  In connection with the SEC's motion for civil penalties, and at
14  any hearing held on such a motion: (a) Defendants will be precluded from arguing
15  that they did not violate the federal securities laws as alleged in the Complaint; (b)
16  Defendants may not challenge the validity of the Consent or this Judgment; (c)
17  solely for the purposes of such motion, the allegations of the Complaint shall be
18  accepted as and deemed true by the Court; and (d) the Court may determine the
19  issues raised in the motion on the basis of affidavits, declarations, excerpts of
20  sworn deposition or investigative testimony, and documentary evidence, without
21  regard to the standards for summary judgment contained in Rule 56(c) of the
22  Federal Rules of Civil Procedure.   In connection with the SEC's motion for civil
23  penalties, the parties may take discovery, including discovery from appropriate
24  non-parties.

**VI.**

26  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the
27  Consent is incorporated herein with the same force and effect as if fully set forth

herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

IT IS SO ORDERED.

Dated: November 23, 2016

HON. JOHN F. WALTER
UNITED STATES DISTRICT JUDGE