JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WORLD CAPITAL MARKET INC.; WCM777 INC.; WCM777 LTD. d/b/a WCM777 ENTERPRISES, INC.; and MING XU a/k/a PHIL MING XU,<br><br>Defendants,<br><br>KINGDOM CAPITAL MARKET, LLC; MANNA HOLDING GROUP, LLC; MANNA SOURCE INTERNATIONAL, INC.; WCM RESOURCES, INC.; AEON OPERATING, INC.; PMX JEWELS, LTD.; TOPACIFIC INC.; TO PACIFIC INC.; VINCENT J. MESSINA; and INTERNATIONAL MARKET VENTURES,<br><br>Relief Defendants. | Case No. CV-14-2334-JFW-MRWx<br><br>**ORDER DISCHARGING RECEIVER AND CLOSING RECEIVERSHIP** |

The Court having considered the Declaration of Krista L. Freitag Regarding Accounting of Reserve and Completion of Closing Tasks; Request for Entry of Order Discharging Receiver and Closing Receivership ("Receiver's Final Declaration"), and good cause appearing therefor, IT IS HEREBY ORDERED as follows:

    1.    The Receiver's Final Declaration is approved;

    2.    The Receiver is authorized and directed to pay her company, E3 Advisors, up to $5,000 for work performed that exceeds her prior estimate of fees necessary to close the eceivership.

    3.    The Receiver is authorized and directed to pay Allen Matkins up to $20,000 for work performed that exceeds its prior estimate of fees necessary for legal work necessary to close the receivership.

4. The Receiver is authorized and directed to pay Epiq $51,002.02 for work performed that exceeds its prior estimate of fees necessary for claims administration work necessary to close the receivership.

5. After the above payments are made, the Receiver is authorized to transfer all cash remaining in the receivership estate to the United States Treasury.

6. The Receiver is discharged of all duties under the Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Granting Expedited Discovery; (4) Requiring Accountings; (5) Authorizing Alternative Service; (6) Repatriating Assets; and (7) Appointing a Temporary Receiver, and Order to Show Cause re Preliminary Injunction and Appointment of a Permanent Receiver entered by this Court on March 27, 2014 ("TRO") (Dkt. No. 14), the Preliminary Injunction, Appointment of a Permanent Receiver, and Related Orders entered by this Court on April 10, 2014 ("Preliminary Injunction Order") (Dkt. No. 33), and subsequent orders of the Court. Pursuant to the discharge, the Receiver is released from any and all claims and liabilities associated with the receivership, the receivership entities, and the individual defendants named in this action.

7. All actions taken by the Receiver and her professionals in performing the Receiver's Court-ordered duties under the TRO, Preliminary Injunction Order, and subsequent orders of the Court are approved and ratified.

8. The Receiver is discharged from any further responsibility for payment of liabilities of the Receivership Entities.

9. The receivership is closed.

10. Jurisdiction over all disputes, claims, and causes of action arising from or relating to this receivership case is reserved in this Court.

Dated: September 5, 2019

_____
Hon. John F. Walter
Judge, United States District Court